[Cite as *Cleveland v. Wyley*, 2024-Ohio-5814.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                             Nos. 113869 and 113870

    v.                                     :

ASIA WYLEY,                            :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2023-CRB-009975

---

***Appearances:***

Mark Griffin, City of Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecutor, and Margaret Scott, Assistant City Prosecutor, *for appellee.*

Asia Wyley, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Asia Wyley, pro se, appeals her conviction for criminal trespass. Upon review, we affirm the judgment of the lower court.

**{¶ 2}** On December 13, 2023, Wyley was cited with criminal trespass in violation of Cleveland Cod.Ord. 623.04. Wyley entered a plea of not guilty to the charge. The case proceeded to a bench trial on February 13, 2024.

**{¶ 3}** Testimony and evidence were provided concerning an incident that occurred on December 12-13, 2023, at the Hilton Cleveland Downtown. Carlos Lacey, a manager who oversees safety and security at the hotel, testified that around 11:30 p.m., he saw Wyley in the hotel with two males who were acting suspiciously. Lacey alerted his security team. The three individuals, who were not guests of the hotel, went to the roof-top bar. At closing, which was around 12:00 a.m., everyone was asked to leave. After discovering from hotel footage that the three individuals had not left, hotel security with the assistance of police attempted to locate the three individuals to keep the property safe. They were found in a restricted stairwell and were asked to leave by the police. The two males left of their own accord, but Wyley did not. Lacey testified that Wyley refused to leave, became aggressive with the police, and was arrested. Wyley testified in her own defense. She indicated that after last call at the bar, she went into the stairwell with her two companions to have a conversation with them. She maintained that when the police came in and told them they had to leave, that she was confused by what was occurring, that she was questioning the officers and trying to figure out what was going on, that she was with two men she did not know, and that she was arrested after she asked to go to the precinct. Other testimony was provided by the witnesses, which this court has reviewed.

**{¶ 4}** Video evidence also was shown during trial that demonstrated the officers informed the three individuals they had been told to leave, the two men stood up and left, and Wyley refused and started an exchange with the officers. The lower court observed from the video that "it was clear to [the two men] that you needed to leave, and your answer was, no. Wait a minute. You leave. I'm conversing with the police officer[s]." The lower court further stated, "[T]he video showed that you were asked to leave by the officers. At a minimum, based upon the evidence introduced at trial, I have no reason not to give credibility to Mr. Lacey[.]" Based upon the evidence that was presented and the video that was shown, the lower court found Wyley guilty of one count of criminal trespass in violation of Cleveland Cod.Ord. 623.04, a fourth-degree misdemeanor. The lower court sentenced Wyley to a fine of one hundred dollars, 30 days in jail suspended, and one year of inactive probation with conditions of no new cases and no contact with the Hilton Cleveland Downtown.

**{¶ 5}** Under her sole assignment of error, appellant argues that her conviction is not supported by sufficient evidence.

**{¶ 6}** When determining whether a verdict is supported by sufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Wilks*, 2018-Ohio-1562, ¶ 156, quoting State v. *Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When evaluating the sufficiency of the evidence, a reviewing

court considers "whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *Jenks* at paragraph two of the syllabus.

{¶ 7} Cleveland Cod.Ord. 623.04, Criminal Trespass, provides in part:

(a) No person, without privilege to do so, shall do any of the following:

(1) Knowingly enter or remain on the land or premises of another;

(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes or hours, when the offender knows he or she is in violation of any such restriction or is reckless in that regard.

. . .

(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either[.]

{¶ 8} In this case, we find there was sufficient evidence demonstrating that Wyley knowingly remained on the hotel premises and refused to leave after being told to leave by hotel staff and the police. The offense of criminal trespass was complete the moment Wyley refused to leave. *See Cleveland v. Dickerson*, 2016-Ohio-806, ¶ 23 (8th Dist.). After viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of criminal trespass proven beyond a reasonable doubt. We are not persuaded by Wyley's arguments, and the assignment of error is overruled.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)